UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
UNITED STATES OF AMERICA,              :
:
                              Judgment    :
                              Creditor,   :     21-CR-248-1 (VSB)
:
           - against -                :     **ORDER**
:
MELISSA PANAYIOTA KANES,                :
:
                              Judgment    :
                              Debtor,      :
:
          and                         :
:
THE VANGUARD GROUP INC, and            :
JANUS HENDERSON,                        :
:
                              Garnishees.  :
:
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       The Court is in receipt of Defendant's request for a hearing, (Doc. 44), the Government's Motion for the Entry of a Final Order of Garnishment, (Doc. 46), the Government's Memorandum of Law in Support of the Government's Motion for Final Order of Garnishment, (Doc. 47), the Memorandum of Law of Melissa Kanes in Opposition to Government's Motion for Final Order of Garnishment, (Doc. 52), the Government's Reply in Support of Its Motion for Final Order of Garnishment, (Doc. 54), the Government's Motion in Support of its Proposed Preliminary Order of Forfeiture as to Substitute Assets, (Doc. 55), the Government's Proposed Order, (Doc. 55-1), the Declaration of John Calabria, (Doc. 56), Kanes's Memorandum of Law in Opposition to the Government's Restitution and Forfeiture Motions, (Doc. 59), Kanes's Proposed Order, (Doc. 59-1), and the Government's letter reply, (Doc. 60). A hearing on these

disputes is scheduled for June 11, 2025 at 2:30 p.m. in Courtroom 518, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY, 10007.  The parties should be prepared to address the following questions during that hearing:

1. Is Kanes in default of her restitution obligations under the Consent Order of Restitution, (Doc. 31, "Restitution Order")?  If so, why?  What is the default amount?

2. If as Kanes argues garnishment is not an available remedy to the Government, what remedy, if any, does Kanes believe is available?

3. Kane made several lump sum payments in excess of the amount provided for in the Restitution Order.
   a. Were those payments made through the liquidation of some of Kanes's assets?
   b. If so, what assets?  Were the payments equal to the total amount of the liquidated assets?
   c. Why did Kanes pay in excess of the amount due under the Restitution Order?

4. Was the Government aware of these accounts it seeks to garnish at the time of sentencing and entry of the restitution order?
   a. If so, did the Government take these accounts into consideration in crafting the Restitution Order?
   b. If not, why not?

5. Could the Government have included a carveout like the provision in *United States v. O'Brien*, 851 F. App'x 236 (2d Cir. 2021) requiring payment of "at least" a certain amount per month?  If not, why not?

6. Could the Government have included a term in the plea agreement permitting garnishment notwithstanding any installment schedule?  If not, why not?

7. Are *United States v. Burko*, No. 10-CR-291, 2023 WL 3195943 (S.D.N.Y. May 2, 2023); *United States v. Martinez*, 812 F.3d 1200 (10th Cir. 2015); and/or *United States v. Hughes*, 914 F.3d 947 (5th Cir. 2019) dispositive of the garnishment issue here? Are there cases where judges have come to a contrary conclusion under the same or similar facts as presented in this case?

8. Assume I find that the Government cannot pursue garnishment without a default. If Kanes was in default, could the Government garnish Kanes's assets? If so, could the Government garnish any amount, or would it be limited to the amount of the default?

9. Would the Government's reading of the Mandatory Victim Restitution Act make the installment payment and default provisions of the statute superfluous?

10. Was garnishment available to the Government when it was negotiating the Restitution Order? Is the Restitution Order the equivalent of a contract/agreement that was agreed to and adopted by the Court? Would the Government's reading upend that understanding and affect negotiations and contract/agreement?

11. Prior to seeking garnishment of the accounts at issue, had the Government placed liens on the accounts?

12. As a general matter, does a lien give the Government the right to demand the liquidation of an asset?

13. What triggered the Government's decision to seek a final order of garnishment of the accounts in question?

14. Has there been a material change in Kanes's financial situation since she was sentenced such that the Government could seek to modify Kanes's restitution order under § 3664(k) or otherwise? If so, what was that change in circumstances? Why isn't the Government

seeking relief based on a material change in Kanes's financial circumstances? If there has not been such change in circumstances, why not?

15. On March 8, 2022, Kanes signed a Consent Preliminary Order of Forfeiture/Money Judgment, in which she "admit[ted] that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence." (Doc. 24 at 2.) The March 8, 2022 Order also stated that "[p]ursuant to [21 U.S.C. § 853(p)], the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment." (*Id*. at 3.) Kanes confirmed during her plea hearing that she signed the Order after reading it with her attorney. (Doc. 25 at 12:15-21.) What effect, if any, does the March 8, 2022 Order have on the Government's Motion in Support of its Proposed Preliminary Order of Forfeiture as to Substitute Assets? Have any courts interpreted the impact of similar consent orders on subsequent efforts to forfeit substitute assets?

16. What would be the effect, if any, of entry of the Government's Proposed Preliminary Order of Forfeiture as to Substitute Assets on the Government's Motion for the Entry of a Final Order of Garnishment?

17. What would be the effect, if any, of entry of the Government's Proposed Preliminary Order of Forfeiture on the value of the Substitute Assets? Will there be penalties if the funds are liquidated?

18. On what legal authority could I either: (A) decline to endorse the Government's Proposed Preliminary Order of Forfeiture as to Substitute Assets; and/or (B) enter Kanes's Proposed Order, (Doc. 59-1)?

SO ORDERED.

Dated: June 10, 2025
      New York, New York

                                        Vernon S. Broderick
                                        United States District Judge